10-4321-cv
Lawson v. Rochester City School District

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
            *Circuit Judges.*

_____

Byron Lawson,

            *Plaintiff-Appellant*,

            v.                                                            No. 10-4321-cv

Rochester City School District, *et al.*,

            *Defendants-Appellees*,

Joanne Giuffrida, *individually*,

            *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**   STEVEN LAPRADE, (Christina A. Agola, *on the brief*), Brighton, NY.

**FOR DEFENDANT-APPELLEES and DEFENDANT:**   MICHAEL E. DAVIS, Rochester City School District Department of Law, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Byron Lawson ("Lawson") appeals from the October 22, 2010 judgment of the District Court granting summary judgment to defendants-appellees, Rochester City School District (the "School District") and Superintendent William C. Cala, and dismissing Lawson's civil rights, race discrimination, and "stigma-plus" claims brought pursuant to 42 U.S.C. §§ 1981 and 1983.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Briefly, Lawson was employed as a paraprofessional at John Williams School No. 5 ("School No. 5") until he was suspended and fired following a December 20, 2000 incident in which another school employee reported finding Lawson with a 10-year-old male student in a bathroom located in the school basement. After a Monroe County grand jury dismissed the sexual abuse charges against Lawson on July 13, 2001, the School District continued its internal investigation and fired Lawson effective February 14, 2003. Lawson eventually won reinstatement and back pay through union arbitration, and that result was affirmed in an Article 75 proceeding in the New York state courts. Lawson commenced this action on November 7, 2007. The District Court granted summary judgment in favor of defendants on October 22, 2010, holding that Lawson's claims were barred by the applicable statutes of limitations and that Lawson had failed to raise a material issue of fact with respect to his "stigma-plus" claim.

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

2

*Statutes of Limitations*

The primary issue on appeal is whether the District Court properly dismissed Lawson's civil rights and race discrimination claims as untimely. The statute of limitations for a § 1983 claim arising in New York is three years, *see Cloverleaf Realty v. Town of Wawayanda*, 572 F.3d 93, 94 (2d Cir. 2009); the statute of limitations for a § 1981 claim is four years, *see Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). It is undisputed that Lawson's January 5, 2001 suspension and February 14, 2003 firing occurred more than four years prior to the initiation of this lawsuit.

On appeal, Lawson argues that his discrimination claims are timely because they are based on three events that occurred within the limitations period: (1) allegedly stigmatizing comments in an October 2006 school bulletin; (2) the allegedly disparate treatment of a Caucasian teacher accused of sexual abuse in April 2000;[1] and (3) the fact that in October 2007, the School District offered Lawson a position at another school but declined to reinstate him at School No. 5. We reject these arguments substantially for the reasons stated by Judge Telesca, who correctly found these subsequent events to be insufficiently related to the adverse employment action to form the basis for a determination that Lawson's claims are timely. *Lawson v. Rochester City Sch. Dist.*, No. 07-cv-6544 (MAT), 2010 WL 4174630, at *3 (W.D.N.Y. Oct. 22, 2010).

To bolster his timeliness argument, Lawson cites our decision in *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995), for the proposition that "a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.'" *Id.* at 1157. But, as Judge Jacobs noted in a separate opinion, that discussion of limitations periods for *Monell* claims "is demonstrably *dictum*." *Id.* at 1162 (Jacobs, *J.*, concurring in part and dissenting in part). We have previously held that a § 1983 cause of action accrues when "the plaintiff becomes aware that [he] is suffering from a wrong for which damages may be recovered in a civil action." *Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir. 1994) (citation omitted). We decline to eviscerate that rule by holding that the limitations period for a cause of action against a municipality runs anew upon the future discovery of facts tangentially related to a *Monell* claim.

*"Stigma-Plus" Claim*

Lawson also claims that the District Court erred by granting summary judgment to defendants on his "stigma-plus" claim. "For a government employee, a cause of action under § 1983 arises for deprivation of a liberty interest without due process of law may arise when an alleged government

---

[1] Lawson is African American.

3

defamation occurs in the course of dismissal from government employment." *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004). To state a stigma-plus claim, a plaintiff must prove (1) the utterance of a statement injurious to his reputation that is capable of being proved false and that plaintiff claims is false; and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement. *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 158 (2d Cir. 2010). "[A]n individual plaintiff must be clearly identifiable in an allegedly defamatory statement to support a claim for defamation." *Algarin v. Town of Wallkill*, 421 F.3d 137, 139 (2d Cir. 2005) (internal citation and alterations omitted).

In this case, Lawson's stigma-plus claim relates to an October 2006 school bulletin that informed the staff about an upcoming news segment on "rapists" and referred to an "alleged situation" at School No. 5. The District Court correctly held that Lawson's stigma-plus claim fails because the October 2006 bulletin does not "clearly identif[y]" Lawson and therefore does not give rise to a stigma-plus claim. *Id.* at 139.

Upon a review of the record and the arguments of counsel, we reject Lawson's remaining arguments as lacking in merit.

## CONCLUSION

We reject all of Lawson's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4