# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

MARY KING-WHITE; A. W.,

Plaintiffs - Appellants

v.

HUMBLE INDEPENDENT SCHOOL DISTRICT; AMANDA MICHELLE
FEENSTRA; GUY SCONZO; CHARLES NED; JUAN MELENDEZ; TAMMY
MCHALE; CRAIG STOWERS; ALICIA NARCISSE,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No.4:13-CV-3551

Before DAVIS, JONES, AND GRAVES, Circuit Judges.

PER CURIAM:*

Appellants Mary King-White and A.W. ("Appellants") filed suit against
Appellee Michelle Feenstra ("Feenstra"), Humble Independent School District
("HISD"), and other school district employees, alleging claims under 42 U.S.C.
§§ 1983 and 1988, Title IX of the Education Act of 1972, 20 U.S.C. § 1681, as
well as various tort claims under Texas law. Appellants alleged, *inter alia,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-20484

that Feenstra, A.W.'s former high school dance teacher, sexually abused A.W. from 2009 until A.W. graduated in the Fall 2011. Appellants filed their lawsuit on December 4, 2013, more than two years after the abuse had stopped. The district court dismissed the claims against HISD and its employees on December 2014, and the claims against Feenstra on July 2015. This Court affirmed the district court's dismissal of the claims against HISD and its employees on October 20, 2015. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (2015).

Appellants now challenge the district court's dismissal of their 42 U.S.C. § 1983 ("§ 1983") claims against Feenstra. Appellants contend that the district court erred in dismissing their § 1983 claims as barred by the two-year statute of limitations in Section 16.003 of the Texas Civil Practice & Remedies Code ("§ 16.003").

> Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer *not later than two years* after the day the cause of action accrues.

Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (West 2005) (emphasis added). Appellants essentially argue that the correct limitations period is five years because § 16.003 directs the plaintiff to § 16.0045, which provides a five-year statute of limitations for personal injury claims resulting from sexual assault. Tex. Civ. Prac. & Rem. Code Ann. § 16.0045(b) (West 2005).

§ 1983 claims are subject to state personal injury statutes of limitations. *See King-White*, 803 F.3d at 759. The identical issue whether the two-year limitations period in § 16.003 applies to Appellants' § 1983 claims has been foreclosed in this Circuit by *King-White*, 803 F.3d at 754—a case that Appellants conveniently failed to acknowledge in their briefing. In *King-White*,

2

No. 15-20484

we held that the two-year limitations period in § 16.003 applied to Appellants' § 1983 personal injury claims, "regardless of whether the facts underlying the particular claim make an exception potentially applicable." *Id.* at 761. Accordingly, we **AFFIRM** the judgment.[1]

---

[1] In their Reply Brief, Appellants proffer a "tolling" argument. Because Appellants failed to brief their "tolling" argument until their Reply Brief, they have waived it. *See Nissho-Iwai Co., Ltd v. Occidental Crude Sales*, 729 F.2d 1530, 1539 n.14 (5th Cir. 1984).