**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3300
_____

EBONY NICOLE MOORE,
Appellant

v.

TEMPLE UNIVERSITY, A PENNSYLVANIA EDUCATIONAL
INSTITUTION; ERIC MOBLEY;
KRISTEN FOLEY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05079)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2017

Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ebony Moore appeals the District Court's order granting summary judgment to the defendants. For the reasons discussed below, we will affirm.

Moore is a former member of Temple University's track and field team who competed in throwing events, such as discus. On April 25, 2011, Moore's great-uncle, Othello Mahone, forwarded to Temple University an email from Moore that alleged that she had been bullied, sexually harassed, and otherwise mistreated by her coaches and teammates. Kristen Foley, then a member of Temple's athletic department, held a meeting on May 4, 2011, with Moore, Mahone, and then-Coach Eric Mobley to address Moore's allegations. Several hours after the meeting, Moore sent Coach Mobley an email stating that she would not be attending the Atlantic 10 Championship — which Mobley viewed as the team's most important competition of the year — that weekend because she had final examinations. Coach Mobley soon thereafter recommended that Moore's athletic scholarship not be renewed for the following year and removed her from the team, and on May 20, 2011, Moore was informed via letter that her scholarship would not be renewed. Moore filed a grievance with Temple's Athletic Appeals Panel, which upheld the decision not to renew Moore's athletic scholarship but granted her a different scholarship to enable her to continue her studies. Moore graduated from Temple in December 2012.

On July 29, 2013, Moore filed a complaint in the Philadelphia County Court of Common Pleas, which was later removed to the District Court. She alleged that the

defendants — Temple, Coach Mobley, and Foley — had, among other things, sexually harassed her, verbally abused her, and then removed her from the team and canceled her athletic scholarship because she complained about that mistreatment. She raised claims, as relevant here, under Title IX of the Education Amendments of 1972 and 42 U.S.C. § 1983.[1] The parties filed cross-motions for summary judgment. The District Court denied Moore's motion and granted the defendants', concluding, in large part, that Moore's claims were time-barred. Moore filed a timely notice of appeal to this Court. She has also filed a motion to expand the record.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review, and apply the same standard as the District Court to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

We agree in full with the District Court's well-reasoned opinion. The statute of limitations under Title IX and § 1983 is two years. See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 602 (3d Cir. 2015); Bougher v. Univ. of Pitt., 882 F.2d 74, 77-78 (3d Cir. 1989). Moore's claims accrued, and the statutes of limitations began to run, "when [she] knew or should have known of the injury upon which [her] action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)); see also King-White v. Humble Indep. Sch. Dist., 803

---

[1] Moore raised other claims that the District Court dismissed in an order dated April 29, 2014. She has not challenged this order on appeal, and we therefore will not review it. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

F.3d 754, 762 (5th Cir. 2015). Moore filed her complaint on July 29, 2013; thus, any claims that accrued before July 29, 2011 are time-barred.

Moore's claims concerning the non-renewal of her athletic scholarship accrued on May 20, 2011, when she received formal notice of the non-renewal, and thus these claims are untimely. Moore filed a grievance to the Appeals Panel as to this decision, but because the grievance procedure here "is a remedy for a prior decision, not an opportunity to influence that decision before it is made," the grievance does not delay the accrual of the cause of action. Delaware State Coll. v. Ricks, 449 U.S. 250, 261 (1980); see generally Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam); Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 778 (3d Cir. 2007). Nor does the pendency of a grievance toll the limitations period. See Ricks, 449 U.S. at 261 & n.15. The same analysis applies to Moore's various allegations concerning her treatment while a member of the team, which pre-dated her scholarship non-renewal.

We also agree with the District Court that the undisputed evidence shows that Moore was removed from the team in May 2011. As the District Court and the defendants have stated, there is substantial evidence — Coach Mobley's affidavit, an admission in one of Moore's (pro se) legal filings, a May 26, 2011 letter from Mahone, and Moore's deposition testimony — that establishes that her removal occurred at that time. While Moore argues on appeal that she was not removed from the team until after her grievance was ruled upon, as we noted above, the grievance procedure here was designed to remedy prior decisions, not make initial decisions. See id. at 261. Moreover,

4

the grievance proceedings here focused solely on the athletic scholarship; the decision to remove Moore from the team was not within their scope. Thus, Moore's claims concerning her removal from the team are also untimely.[2]

Finally, as the District Court held, while Moore's claim that the Appeals Panel retaliated against her for complaining about mistreatment is not time-barred, it does lack merit. Through Mahone, Moore objected to the treatment she received on April 25, 2011, and the Appeals Panel made its decision on July 28, 2011. Moore has presented no specific allegations suggesting that any member of the Appeals Panel had a retaliatory motive, and this temporal proximity, without more, is insufficient to show the causation necessary to survive summary judgment. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007).

Accordingly, we will affirm the District Court's judgment. Moore's motion to expand the record is denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances").

---

[2] To the extent that Moore argues that the statutes of limitations should be tolled by the discovery rule, we agree with the District Court that that doctrine is not applicable because the evidence shows that Moore was aware of her (alleged) injuries and their cause at the time they were inflicted. See, e.g., Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000).