# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11185

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2017

Lyle W. Cayce
Clerk

DANIEL PAUL HUDSON,

Plaintiff-Appellant

v.

LUBBOCK POLICE DEPARTMENT; OFFICER NFN MCEOWON; COVENANT MEDICAL CENTER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-162

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel Paul Hudson, Texas prisoner # 2082671, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Hudson's § 1983 claims were time barred. The district court further denied Hudson leave to proceed IFP on appeal, certifying that this appeal was not taken in good faith. By moving to proceed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11185

IFP here, Hudson is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hudson contends that his § 1983 claims were not for personal injury and that the district court therefore erred in subjecting them to the two-year limitations period applicable to personal injury claims in Texas. The district court correctly concluded that Hudson's § 1983 claims were untimely, as Texas's two-year statute of limitations under TEX. CIV. PRAC. & REM. CODE § 16.003(a) applies to § 1983 claims in Texas. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015). The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of Hudson's § 1983 suit and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Hudson is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.