# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41256
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2018

Lyle W. Cayce
Clerk

EUGENIO ESPINOZA MARTINEZ,

Plaintiff-Appellant

v.

HIDALGO COUNTY, TEXAS; HIDALGO COUNTY JAIL COMMANDER; HIDALGO COUNTY JAIL LAW LIBRARY SUPERVISOR; HIDALGO COUNTY SHERIFF,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CV-471

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Eugenio Espinoza Martinez, Texas prisoner # 1686937, filed the instant 42 U.S.C. § 1983 action pro se on May 16, 2014, alleging violations of the First, Fifth, and Fourteenth Amendments based on an alleged denial of access to the courts with respect to his direct criminal appeal. The district court granted the defendants' motion to dismiss based on Federal Rule of Civil Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41256

12(b)(6), finding that the statute of limitations expired on July 22, 2013, and that Martinez failed to establish a basis for equitable tolling.  On appeal, Martinez argues that (1) the district court erred in determining when his claim accrued; (2) the district court erred in holding that equitable tolling did not apply; (3) he is entitled to file an out-of-time direct criminal appeal based on his trial counsel's violations of the Sixth and Fourteenth Amendments; (4) the district court failed to properly consider Martinez's filings and failed to comply with the Federal Rules of Civil Procedure; and  (5) the district court erred by applying the Prison Litigation Reform Act (PLRA) standards for the statute of limitations and equitable tolling, rather than the Antiterrorism and Effective Death Penalty Act (AEDPA).  Martinez also requests appointment of counsel and reconsideration of the clerk's denial of his motion to stay and to supplement the record on appeal.

This court reviews de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).  A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Where "the application of equitable tolling was a fact-specific, discretionary matter, the appropriate standard of review is abuse of discretion." *Granger v. Aaron's, Inc.,* 636 F.3d 708, 712 (5th Cir. 2011); *see King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).  "A trial court abuses its discretion when it bases its decision on an erroneous assessment of the evidence." *United States v. Caldwell,* 586 F.3d 338, 341 (5th Cir. 2009).

In this case, the applicable Texas statute of limitations is two years. *King-White*, 803 F.3d at 759; *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  Although the

applicable limitations period is established by state law, "federal law governs when a cause of action under § 1983 accrues." *Piotrowski*, 237 F.3d at 576. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* "The statute of limitations therefore begins to run when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* (internal quotation and citation omitted).

Martinez's complaint alleges that the defendants prevented him from filing a timely direct criminal appeal when they denied his requests to access the jail's law library between November 17, 2010, and December 20, 2010. As the district court correctly ascertained, Martinez knew by July 22, 2011, that the defendants' denial of his requests to access the law library had prevented him from timely asserting his direct appeal rights. The fact that Martinez did not know that he suffered an access-to-courts injury is not determinative because "[a] plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576. Because Martinez did not file his § 1983 action by July 22, 2013, it is untimely. *See id.*

"Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Martinez has the burden of showing that equitable tolling is warranted. *See id.* at 894-95. Martinez has not showed that the district court abused its discretion by denying equitable tolling. *See Granger,* 636 F.3d at 712.

Martinez contends that his Sixth and Fourteenth Amendment rights were violated by his counsel's failure to file a direct criminal appeal. Because Martinez did not adequately raise these contentions in the district court, this

court need not consider them for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Martinez also argues that the district court did not give the proper weight and consideration to his filings, but he fails to allege any specific shortcomings or violations. These general arguments, conclusional assertions, and contentions without supporting authorities provide no basis for relief. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986). Finally, he argues that the AEDPA should apply, rather than the PLRA. However, he has not filed a federal habeas petition, and the complaint does not "challenge[] the fact or duration of his confinement and seek[] immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (discussing the difference between § 1983 claims and a habeas corpus petition filed pursuant to 28 U.S.C. § 2254). Section 1983 is the proper vehicle to seek this relief. *See id.*

Accordingly, the district court's judgment is AFFIRMED. Martinez's motion for reconsideration and request for appointment of counsel are DENIED.