# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20020
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2019

Lyle W. Cayce
Clerk

GLENN KINGHAM,

Plaintiff-Appellant

v.

T. PHAM, Webster Police Officer; SYLVIA SOSA, Webster Police Officer,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-619

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Glenn Kingham, Texas prisoner # 01995131, filed the instant § 1983 complaint against the Houston Police Department (HPD), Houston Police Officers Tony Pham and Sylvia Sosa, defense attorneys Roger Donley and Marcus Fleming, and William Stephens, Director of the Texas Department of Criminal Justice (TDCJ) Correctional Institutions Division. In the complaint, Kingham raised claims related to his conviction for evading arrest and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20020

detention with a motor vehicle, asserting that his arrest was not based on probable cause; that the officers falsified affidavits, committed perjury, and damaged his car; that his defense attorneys committed barratry; that the HPD entered his home without a warrant, damaged his door, and injured his ribs; and that Stephens imprisoned him without evidence.

The district court dismissed the claims against the HPD, attorneys, and Stephens pursuant to 28 U.S.C. § 1915A, finding that the Houston Police Department was not subject to suit, Kingham did not allege any actions by attorneys Donley or Fleming that fell within the Texas definition of barratry, and the claims against Stephens were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The claims against Pham and Sosa were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as barred by the applicable statute of limitations.

Kingham challenges the dismissal of claims against Pham and Sosa, arguing that the claims did not accrue until December 19, 2016, when he alleges that he received a copy of Pham's dash cam video. We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

In a § 1983 action, federal law looks to the personal injury statute of limitations for the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The applicable Texas statute of limitations is two years. *King-White v. Humble Indep. Sch. Dist.,* 803 F.3d 754, 758 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Although the limitations period and tolling principles are taken from state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace,* 549 U.S. at 388. Under the federal "discovery rule," an action accrues when a plaintiff knows both the existence

No. 18-20020

of an injury and the cause of the injury. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011).

Contrary to Kingham's assertion, he knew of the facts supporting his claim of injury in December 2012, the date of his arrest and November 2013, the date of his trial. Because he did not file the instant § 1983 complaint until February 2016, the claims against Pham and Sosa are time barred. *See Wallace*, 549 U.S. at 391-92; *King-White*, 803 F.3d at 758.

Kingham does not adequately brief the dismissal of his claims against the HPD, Donley and Fleming, or Stephens. Though he references the substantive claims against these defendants, he makes no argument addressing the district court's reasons for dismissing these claims. Thus, they are abandoned. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In his brief, Kingham also raises new claims, some of which are against new parties. Because Kingham did not raise these claims in his § 1983 complaint, we need not consider them on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED.