# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50677
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2020

Lyle W. Cayce
Clerk

ALDOE L. FOSTER,

Plaintiff-Appellant

v.

ANGIE MCCOWN,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-472

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aldoe L. Foster, Texas prisoner # 1182920, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint alleging that Angie McCown, Director of the Crime Victim Services Division, fraudulently retained funds from his work paychecks between December 2006 and March 2009. Foster argues that his complaint arose under the Texas offense of theft or fraud by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

public servant, Texas Penal Code § 31.03(a) and (b)(1), with a ten-year limitations period set at article 12.01(2) of the Texas Code of Criminal Procedure.

Foster does not challenge the district court's conclusion, in adopting the magistrate judge's report and recommendation, that McCown, in her official capacity, was immune from suit for monetary damages under the Eleventh Amendment. Accordingly, he has abandoned the issue. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

There is no federal statute of limitations for actions brought under § 1983. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019). Federal courts borrow the forum state's general personal injury limitations period. *Id.* Contrary to Foster's contentions, state criminal provisions do not provide the statute of limitations for purposes of a § 1983 claim. *See id.* The two-year statute of limitations under § 16.003(a) of the Texas Civil Practice and Remedies Code applies to § 1983 claims in Texas, even where the facts underlying a particular claim may make an exception applicable under Texas law. *Owens v. Okure*, 488 U.S. 235, 240 (1989); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Because, as Foster admits, he was aware of his claim on or about March 29, 2009, the district court acted within its discretion when the court determined that the period of limitations barred Foster's 2019 complaint. *See Bargher*, 928 F.3d at 444; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The judgment of the district court is AFFIRMED. To the extent that Foster seeks appointment of counsel, he has failed to show exceptional circumstances and the motion is DENIED. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).