# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10950
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2024

Lyle W. Cayce
Clerk

William Andrews,

*Plaintiff—Appellant*,

*versus*

Robert Johnson; Daniel McAninch; Jacob Palos,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-871

————————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

William Andrews, Texas prisoner # 02402581, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that three police officers used excessive force against him during their pursuit and arrest of him. The

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court dismissed Andrews's complaint, finding that it was barred by Texas's two-year statute of limitations governing personal-injury actions. By moving in this court to proceed IFP, Andrews is challenging the district court's certification that any appeal would not be taken in good faith because he had not shown that he will present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Andrews argues that he is entitled to tolling of the limitations period under Texas's fraudulent concealment doctrine because he was unconscious during the subject incident and did not learn of the officers' alleged use of excess force until long after it occurred. However, Andrews claimed that the alleged assault resulted in severe injuries, and a reasonably prudent person who suffered similar injuries would have investigated the cause of such injuries at the time or shortly after regaining consciousness. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Though he alleged that he could not have discovered the cause of his injuries due to the existence of a "possible choreographed attempt to cover-up the misconduct of" the officers, his allegation is largely speculative and insufficiently specific under applicable pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Andrews additionally contends that he is entitled to operation of the federal "discovery rule" insofar as his cause of action did not accrue until he was provided with copies of various police reports two days after the limitations period lapsed. However, Andrews has not shown entitlement to the "discovery rule" because he fails to detail any meaningful or reasonably diligent steps that he took to investigate or discover the cause of his injuries prior to his alleged receipt of the reports. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011), *abrogated in part on other grounds by United States v. Kwai Fun Wong*, 575 U.S. 402, 407 (2015).

2

No. 23-10950

Finally, Andrews fails to reprise his claim that he is entitled to application of Texas's equitable tolling doctrine. Any such claim is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Andrews has failed to raise a nonfrivolous issue for appeal. Thus, the appeal lacks arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP and the motion for the appointment of counsel are DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Andrews's complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Andrews is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).