# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41493
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2016

Lyle W. Cayce
Clerk

JONI LOZANO, as Next Friend of A.H., a Minor,

Plaintiff - Appellant

v.

DONNA INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CV-58

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

On February 9, 2015, Joni Lozano as next friend of A.H., a minor, brought suit against Donna Independent School District (Donna ISD), asserting several causes of actions—including an action under Title IX of the Education Amendments of 1982—arising out of a school teacher's alleged

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41493

sexual assault of A.H.[1]  Donna ISD moved to dismiss the complaint for failing to state a claim, and Lozano subsequently filed a motion for leave to file an amended complaint.  On May 1, 2015, the district court granted the motion for leave to file in an order and expressly instructed Lozano that the "amended complaint should be filed within seven days of th[e] order."  Lozano did not file an amended complaint during that time period.

On July 13, 2015, the district court granted Donna ISD's motion to dismiss, dismissing all of Lozano's claims with prejudice.  Lozano thereafter filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 or, alternatively, for relief from judgment under Rule 60.  Lozano contended that the district court improperly stated the standard for a Title IX claim, that her original complaint sufficiently pleaded her Title IX claim, and, in the alternative, that her counsel's failure to file the amended complaint as directed by the court was "excusable neglect" within the meaning of Rule 60(b)(1).  On October 26, 2015, the district court denied Lozano's motion for relief.  The district court found that Lozano failed to adequately allege that Donna ISD had actual knowledge of the sexual harassment of A.H.  The court also refused to grant relief from the final judgment on the grounds of Lozano's counsel's excusable neglect, noting that Fifth Circuit precedent allowed a court to deny such a motion when the justification was the "inadvertent mistake" of counsel.  Lozano timely appealed.

On appeal, Lozano contends that the district court abused its discretion by deciding the motion to dismiss based on Lozano's original complaint rather than the proposed amended complaint attached to Lozano's motion for leave to file.  We review a district court's grant or denial of a motion for leave to amend

---

[1] The teacher was later arrested and charged with aggravated sexual assault of a minor.

2

No. 15-41493

for abuse of discretion. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). In the present matter, the district court granted the motion and ordered Lozano to file the amended complaint "within seven days of this order." It is well settled that a district court may impose conditions when it grants leave to amend. *See* 6 Wright et al., *Federal Practice & Procedure* § 1486 (3d ed. 2015) (noting that Rule 15(a)(2) "presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment"). And Lozano has failed to present any authority that district courts in the Southern District of Texas must treat a proposed pleading attached to a motion as properly filed upon the granting of the motion. *Cf.* N.D. Tex. Civ. R. 15(b) (providing that, in the United States District Court for the Northern District of Texas, amended pleadings are "deemed filed as of the date of the order granting leave"). Lozano instead relies on *Foman v. Davis*, 371 U.S. 178 (1962), to argue that technical violations of the rules cannot be relied upon to avoid reaching the merits of a cause of action. *See id.* at 181–82. However, failing to file an amended complaint pursuant to an order by the district court does not constitute the sort of "mere technicalit[y]" discussed in *Foman*. *Id.* at 181. The district court therefore did not abuse its discretion by requiring Lozano to file the amended complaint within seven days of granting Lozano's motion and in considering only the original complaint when Lozano failed to file the amended complaint.[2]

Lozano also argues on appeal that she pleaded sufficient facts for her Title IX claim to survive a motion to dismiss. "We review a district court's dismissal under Rule 12(b)(6) *de novo*, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *King-*

---

[2] Furthermore, insofar as Lozano contends that the district court abused its discretion in denying her Rule 60(b) motion that argument also fails. A district court does not abuse its discretion by denying a rule 60(b) motion when "the proffered justification for relief" is the party's own counsel's mistake or carelessness. *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 356–57 (5th Cir. 1993).

No. 15-41493

*White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).  For a school district to face Title IX liability, it must have "actual knowledge of discrimination in [its] programs and [fail] adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).  In particular, "Title IX liability for sexual harassment will not lie if a student fails to demonstrate that the school district actually knew that the students faced a substantial threat of sexual harassment." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 659 (5th Cir. 1997).  In her original complaint, Lozano failed to plead facts showing that Donna ISD had actual knowledge that students, such as Lozano, faced a "substantial threat of sexual harassment" beyond her conclusory statement that the school district "either knew or had constructive knowledge of [the teacher's] past history of improper sexual conduct with female students." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[3]  The district court consequently did not err in granting the school district's motion to dismiss.

We therefore AFFIRM the judgment of the district court.

---

[3] Moreover, the amended complaint proposed by Lozano fails to plead sufficient facts showing that the school district had actual notice.