# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

ELVIS DEAN ROBERTS,

Plaintiff–Appellant,

versus

TOMMY L. NORWOOD; JOSEPH EASTRIDGE; MARY J. ROBERTSON,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-211

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elvis Roberts, Texas prisoner # 1289838, filed a civil rights complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10374

asserting that four prison officials[1] had acted with deliberate indifference to his serious medical needs by discontinuing his medical footwear. The district court determined that the complaint was time-barred and dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Roberts contends that the district court erred in failing to appoint counsel, and he asserts that counsel should be appointed to represent him on appeal and to apply for or oppose a certiorari petition. Roberts has not shown that the district court abused its discretion or that exceptional circumstances are present for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The motion for appointment of counsel is DENIED.

Roberts complains that he has been or will be denied access to the courts because of the denial of his motions for appointment of counsel, the unavailability of a substitute inmate legal assistant, and the inadequacy of the prison law library. Roberts does not assert, and the record does not reflect, that he has been precluded from filing any pleadings or other documents with the court because he was not appointed counsel or because the library is inadequate. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Roberts asserts that the magistrate judge ("MJ") exceeded his authority and was unfairly biased. Roberts has not shown that the MJ exceeded the authority delegated to him by the district court under 28 U.S.C. § 636(b). Nor has he shown that the MJ was unfairly biased. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or

---

[1] Defendant Jerry Revell was voluntarily dismissed. The remaining defendants were Tommy Norwood, medical administrator, Allred Unit; Joseph Eastridge, nurse practitioner; and Mary Robertson, laundry manager.

No. 15-10374

demonstrate such a high degree of antagonism as to make fair judgment impossible).

With respect to the ruling that the action is time-barred, Roberts claims that the district court erred in applying the two-year limitations period applicable to tort claims in Texas. He posits that the four-year period under 28 U.S.C. § 1658 applies. That contention is without merit. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758–60 and n.3 (5th Cir. 2015). Although Roberts maintains that the limitations period was tolled, he did not present that theory in the district court, so it is waived. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Roberts therefore has not shown that the district court abused its discretion in dismissing the complaint as frivolous, *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), so the appeal is likewise DISMISSED as frivolous, *see* 5TH CIR. R. 42.2. Roberts is WARNED that this court's dismissal of his appeal and the district court's dismissal of his complaint as frivolous count as strikes under 28 U.S.C. § 1915(g) and that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996).