# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 20-30012

Lisa Sherman,

*Plaintiff—Appellant*,

*versus*

Luke Irwin, individually (and in his official capacity as a Slidell Police Department Officer); Randy Smith, individually (and in his official capacity as Former Chief of Police of Slidell, Louisiana); Slidell City,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC 2:17-CV-04061

Before Barksdale, Southwick, and Graves, *Circuit Judges*.
Per Curiam:[*]

This challenge to a summary judgment turns on one question: was Officer Luke Irwin in Slidell, Louisiana, on 5 May 2016? He presented seven documents to show he was not; Lisa Sherman offered only her deposition

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30012

testimony that he was.  The district court concluded, *inter alia*:  the officer was not in Slidell on 5 May 2016; and, therefore, the officer, former Chief of Police Randy Smith, and the City of Slidell were entitled to summary judgment against the claims filed pursuant to 42 U.S.C. § 1983. AFFIRMED.

## I.

Sherman and the officer were in a consensual sexual relationship at some point between 2012 and 2015 (the dates are disputed).  Sherman alleges that, after the relationship ended in February 2015, the officer continually forced her to engage in nonconsensual sex for an ensuing 16 months.  In that regard, she alleges the officer leveraged his position as an officer for the Slidell police department to coerce her into nonconsensual sex, including threatening to interfere in her attempts to gain custody of a child.  She also alleges Smith—the former chief of the police department—repeatedly failed to prevent the officer from sexually assaulting her.

Sherman maintains her last sexual contact with the officer was in Slidell on 5 May 2016.  (She alleged in her amended complaint:  he called her that afternoon and urgently wanted to see her;  after she declined to meet, he arrived at her home and demanded she enter his vehicle, which she did; and he then drove them to an empty service road and sexually assaulted her.)

In April 2017, Sherman filed this action against the officer, Smith, and the City, presenting:  claims pursuant to 42 U.S.C. § 1983 against defendants; state-law claims against the officer for physical assault, sexual assault, and intentional infliction of emotional distress; and a state-law claim against Smith and the City for vicarious liability.  (The current chief of the department was also included as a defendant but was soon dismissed voluntarily.)

For the claims pursuant to § 1983, the district court applied Louisiana's one-year statute of limitations for personal-injury actions. *See* La. Civ. Code Ann. art. 3492; *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (explaining that, for claims pursuant to § 1983, "the settled practice is to borrow an 'appropriate' statute of limitations from state law"). Therefore, Sherman's claims pursuant to § 1983 and predicated on conduct before April 2016 were dismissed. Consequently, the only actionable conduct pursuant to § 1983 was the alleged sexual assault on 5 May 2016.

Following completion of discovery, including Sherman and the officer's being deposed, Smith and the City moved for summary judgment, presenting three items to show the officer was not in Slidell on 5 May: (1) his deposition testimony that he was in Montana between 27 April and 6 May to care for his ailing father; (2) the officer's application under the Family Medical Leave Act (FMLA) to care for his father, including his father's Montana healthcare provider's signature dated 5 May 2016 on the FMLA paperwork; and (3) documents from the officer's police-department personnel folder containing his timesheets for the two-week period for which he sought leave to see his father.

During a status conference less than a month later, the officer informed the court that additional evidence demonstrated he was not in Slidell on 5 May. Notwithstanding Sherman's objections, the court granted the officer one day to file a supplemental memorandum joining Smith's and the City's summary-judgment motion.

The supplemental memorandum included four additional items: (4) a banking statement from the officer's joint account with his wife, showing purchases in Montana between 28 April and 6 May; (5) an airline flight confirmation in his name for a round-trip flight between New Orleans,

No. 20-30012

Louisiana, and Billings, Montana, on 27 April and 6 May; (6) a 5 May receipt from a motel in Montana, bearing his name; and (7) a statement for his wife's credit card showing two charges at the motel on 5 May. Sherman responded the next week, challenging, *inter alia*, the reliability of the four new items and requesting a discovery continuance pursuant to Federal Rule of Civil Procedure 56(d).

Considering the seven items, the court granted summary judgment to defendants on Sherman's remaining claims pursuant to § 1983 and declined to exercise supplemental jurisdiction for her Louisiana state-law claims. In that order, the court also dismissed Sherman's Rule 56(d) continuance motion.

II.

Sherman raises one issue on the merits: whether defendants' evidence was sufficient to permit summary judgment regarding the 5 May 2016 claims pursuant to § 1983. She also presents two "subsidiary issues", claiming the court erred procedurally in: failing to exclude the four supplemental items produced in support of summary judgment; and denying her Rule 56(d) continuance motion.

A.

First considered is whether there was procedural error. "The standard of review for discovery matters is steep." *United States v. Holmes*, 406 F.3d 337, 357 (5th Cir. 2005). Discretionary discovery rulings are reviewed for abuse of discretion and will not be reversed "unless arbitrary or clearly unreasonable". *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014) (internal quotation marks and citation omitted); *Renfroe v. Parker*, 974 F.3d 594, 600 (5th Cir. 2020) (reviewing for abuse of discretion denial of Rule 56(d) continuance motion). In addition, "[t]he harmless error doctrine applies to the review of evidentiary rulings, so even if a district court

4

No. 20-30012

has abused its discretion, we will not reverse unless the error affected the substantial rights of the parties". *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016) (internal quotation marks and citation omitted); *see* FED. R. CIV. P. 61. "The party asserting the error has the burden of proving that the error was prejudicial." *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (citation omitted). Essentially for the reasons stated by the district court, the two procedural-error claims fail.

1.

Sherman contends defendants were required to explain how the supplemental evidence would be admissible at trial. FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Along that line, Sherman maintains defendants failed to offer any explanations for the four additional items, so they should be stricken. *See* FED. R. CIV. P. 56(c)(2) advisory committee's note to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). Sherman does not adequately state her substantial rights were affected by the court's consideration of the four items. Instead, she simply asserts the court erred by failing to exclude them from its consideration in assessing the summary-judgment motion.

In granting summary judgment, the court dismissed objections based on Rule 56(c), explaining the evidence "would likely be admissible under the business-records exception to hearsay". Any purported error in the court's considering the documents without defendants' providing an explanation as to their admissibility is assuredly harmless—particularly because Sherman doesn't claim she has any additional evidence or wasn't granted a similar allowance. *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination*

No. 20-30012

*Unit*, 28 F.3d 1388, 1398 (5th Cir. 1994) (affirming *sua sponte* summary judgment for defendant without notice because, *inter alia*, "[i]t does not appear that [plaintiffs] have any additional evidence to offer regarding [defendants'] liability; they do not identify any, and we find none in our review of the record"); *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) (applying harmless error review to entry of summary judgment *sua sponte* without notice).

2.

Rule 56(d) motions for additional discovery are "broadly favored and should be liberally granted". *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotation marks and citation omitted). Nevertheless, the Rule 56(d) movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts". *Id.* (internal quotation marks and citation omitted). That movant must, instead, "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion". *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citation omitted).

Sherman fails to provide a plausible basis for facts capable of collection probably existing. Her Rule 56(d) motion was limited, lacking any explanation for how the desired discovery—deposing the officer and his wife—would likely lead to production of facts that would influence the pending summary-judgment motion. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that . . . plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff

to withstand a motion for summary judgment."). Indeed, as the court emphasized, Sherman did not provide any evidence corroborating her allegations during almost two-and-a-half years of discovery.

## B.

Essentially for the reasons stated by the court in its well-reasoned opinion, summary judgment was proper. In that regard, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). "In determining whether a district court properly granted summary judgment, this Court must review the record under the same standards that guided the district court." *AT&T, Inc. v. United States*, 629 F.3d 505, 510–11 (5th Cir. 2011) (citation omitted).

Sherman fails to provide the facts necessary to create the requisite genuine dispute of material facts. Defendants produced seven documents reflecting the officer was not in Slidell on 5 May. Granted the alleged sexual assault does not admit of documentary evidence, Sherman relies exclusively on her deposition testimony for the officer's location on that date. As the court observed, Sherman testified she spoke to the officer by telephone on 5 May, yet she never requested telephone records for that day. Further, her contentions related to the unreliability of the four supplemental documents are unavailing and do not seriously challenge their accuracy.

## III.

For the foregoing reasons, the judgment is AFFIRMED.