# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2025

Lyle W. Cayce
Clerk

No. 24-10592

Jane Doe 1,

*Plaintiff—Appellant*,

*versus*

City View Independent School District, *a Texas Independent School District*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CV-32

Before Elrod, *Chief Judge*, and Higginbotham and Ramirez, *Circuit Judges*.

Per Curiam:

Jane Doe's petition for panel rehearing is DENIED. The opinion issued July 22, 2025, 145 F.4th 584 (5th Cir. 2025), is WITHDRAWN, and the following is SUBSTITUTED.

\*    \*    \*

Jane Doe claims that she was sexually abused by her teacher while attending high school in City View Independent School District. More than two years after graduating, she sued City View ISD and several school

No. 24-10592

officials, alleging that they had covered up the abuse. The district court dismissed her second amended complaint with prejudice, determining that her claims were barred by the statute of limitations. We AFFIRM.

I

Jane Doe attended high school in City View ISD from the fall of 2016 to the spring of 2020.[1] Robert Morris was employed as a teacher and coach at City View ISD while Doe was a student there. In 2016, Morris allegedly began emotionally and sexually abusing Doe, then a fifteen-year-old freshman. Doe alleges that the abuse continued until she graduated in May 2020.

Doe alleges that she was physically mature for her age and emotionally vulnerable; Morris took advantage of both. Doe claims that it started small, that he would take her phone and make her stay late after class. Doe alleges that while alone in class, Morris would kiss her. On one occasion, Doe alleges that Morris demanded a kiss on the cheek before Doe could get her phone back, but Morris turned his head and kissed her on the lips. Morris told Doe that he loved her and would leave his wife and children for her. Morris allegedly stated, "[T]his isn't just a high school flame." Morris told Doe that he loved her every day for over three years.

Doe lost her birth mother in October of her freshman year in 2016. Doe alleges that one night, the anniversary of her mother's death, Morris asked Doe to meet and told her, "'You've been good.' . . . 'I know I can trust you. So, I want to have sex.'" (alteration in original). He then took Doe into

---

[1] We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," from the second amended complaint, as the operative complaint. *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

his truck, where she alleges that he statutorily raped her. Afterward, he threatened to fail her if she said anything. Doe alleges that Morris would have sex with her before or after school, sometimes up to ten times a week. She alleges that it occurred in school "where she would masturbate him," in the field house, and in community and school parking lots. Doe alleges that Morris treated her as his "private sex slave" from the time she was fifteen until she graduated at eighteen.

In 2018, Doe allegedly reported Morris's sexual abuse to the school principal, Daryl Frazier, and the City View ISD superintendent, Anthony Bushong. Bushong was the school district's designated Title IX coordinator. However, instead of reporting the complaint to law enforcement, Bushong allegedly told Doe, "If this gets out, you will be expelled." Bushong told Doe that if she said anything, her family would be affected and embarrassed. Doe claims that this was "a veiled threat of retaliation," because Doe's aunt works for the school district and her cousins have attended school and work in the community. Frazier allegedly told Doe not to speak to anyone about it ever again. Doe alleges that he threatened that if she did, her reputation would be ruined, and it would "blackball" her from college.

In Doe's senior year, she attempted to end the abusive relationship. Doe alleges that in response, Morris "kept trying and grabbing Doe" and repeatedly asking, "Are you going to tell?" He told her, "[P]lease don't tell anyone, this can't get back to my family." Later, Morris allegedly threatened, "[I]f you don't do as I say your grade will drop and it will fail you," a threat he had made from the start of their sexual relationship. Doe alleges that he "threatened her over and over," and she "lived in fear he would corner her and molest her again which continued until she graduated high school." The abuse continued until May 2020.

No. 24-10592

On June 23, 2022, Morris was named coach of the year. In response, public outcry erupted on social media as several former female students claimed that Morris sexually abused them. The subsequent law enforcement investigation revealed that Morris's sexual abuse had been reported to school officials on four specific occasions since 2014, including Doe's report. Morris had been placed on administrative leave after the report in 2014, but he continued to have access to female students until 2022. None of the school officials reported Morris's conduct or the complaints to law enforcement or the Department of Family and Protective Services. A former school board member stated that many people in the school district knew that Morris had sexual contact with underage female students as well as adulterous relationships with female staff members. On June 27, a few days after the public outcry, Morris committed suicide.

At some point after the public outcry, Doe was interviewed by the local press and "made a public statement that she was too scared to talk about what happened to her because she was scared she would be expelled if she brought it up any further." She reported that she had complained to Bushong, but he had done nothing. Shortly thereafter, on or about July 27, 2022, Doe alleges that she received a letter from Bushong "pressuring her not to speak any further on the topic." She alleges that the letter threatened her with litigation if she continued speaking about him publicly.

Doe still suffers from severe anxiety and depression and takes medication for those conditions. Doe alleges that she was unable to attend college despite offers because of her health conditions, which arose out of the acts and omissions of Morris and the school officials.

No. 24-10592

Doe sued City View ISD and four school officials[2] in federal district court on April 4, 2023.  There were two rounds of motions to dismiss.  In response, Doe filed a first amended complaint and second amended complaint.  The remaining defendants, City View ISD and Bushong, then moved to dismiss her second amended complaint.  The district court granted both motions and dismissed Doe's claims.  It concluded that Doe's Fourth Amendment, Fourteenth Amendment, and Title IX claims were barred by the statute of limitations and that her First Amendment claim failed to identify a constitutional violation.  Although Doe's response to City View ISD's motion to dismiss asked that she "be permitted to file an[] amended complaint," the court did not address that request in its order and dismissed the claims with prejudice.

Doe timely appealed.  On appeal, Doe challenges only the dismissal of her Title IX claims.  She has expressly waived all other claims and arguments.  She contends that she pleaded a timely retaliation claim and that her sexual harassment claim is saved by the continuing violation doctrine or equitable tolling.  On March 31, 2025, Doe and Bushong stipulated to the dismissal of Doe's appeal against Bushong with prejudice.[3]  After Bushong's dismissal, we look only at Doe's claims against City View ISD.[4]

---

[2] Over the course of the litigation, Doe voluntarily dismissed three of the individual defendants.

[3] This stipulation was made pursuant to Federal Rule of Appellate Procedure 42(b)(1) and granted on March 31, 2025, the day before oral argument.

[4] *See also Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) ("[C]laims under [Title IX] may be brought only against the institution receiving federal funds, not employees of those institutions.").

No. 24-10592

II

A

We review a district court's grant of a motion to dismiss for failure to state a claim *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). If "the district court held that equitable tolling was unavailable as a matter of law," the standard of review is *de novo*. *FDIC v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993); *see Jenkins v. Tahmahkera*, --- F.4th ----, 2025 WL 2396746, at *3, *6–7 (5th Cir. 2025).

B

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The Supreme Court has held that intentional sex discrimination includes a teacher's sexual harassment or sexual abuse of a student, *see Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281 (1998), and "[r]etaliation against a person because that person has complained of sex discrimination," *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). A school district may be held liable for

6

the sexual harassment if it had actual knowledge of the harassment and was deliberately indifferent. *Gebser*, 524 U.S. at 292–93; *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 356 (5th Cir. 2020).

Title IX claims, like claims pursuant to 42 U.S.C. § 1983, are "governed by state statutes of limitations for personal injury actions." *King-White*, 803 F.3d at 759. Thus, Texas's two-year personal injury statute of limitations applies here. *Id.* at 761; *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. The statute of limitations begins to run the moment the plaintiff's claim accrues, unless tolling applies. *King-White*, 803 F.3d at 762. Tolling interrupts or pauses the statute of limitations after it has begun to run. *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 739 (5th Cir. 2017). Federal law determines when a claim accrues. *King-White*, 803 F.3d at 762. However, when a federal cause of action borrows a state statute of limitations, it also borrows state tolling rules. *Id.* at 764. Accordingly, federal accrual rules and Texas tolling rules apply to Doe's Title IX claims. *See id.* at 762, 764.

Under federal law, a claim accrues and "the limitations period begins to run the moment the plaintiff becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured." *Id.* at 762 (quoting *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010)). The plaintiff must be aware of: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Id.* (alteration in original) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). However, "[a] plaintiff need not know that she has a legal cause of action" for her claim to accrue; "she need know only the facts that would ultimately support a claim." *Id.* (alteration in original) (quoting *Piotrowski*, 237 F.3d at 576). If a cause of action accrues while the plaintiff is a minor, Texas law tolls the statute of limitations until

she reaches the age of majority, *i.e.*, eighteen.  Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a)–(b).

## C

The district court did not err in determining that the statute of limitations barred Doe's Title IX sexual harassment and retaliation claims, which accrued no later than 2020.  Doe's sexual harassment and retaliation claims from high school would have first accrued in 2018, when her reports of abuse proved futile and she was threatened with retaliation.  In *King-White*, we assumed *arguendo* that the injury at issue was the school's deliberate indifference to a teacher's sexual abuse, not the abuse itself.  803 F.3d at 762.  By 2018, Doe knew about her own abuse, that her abuser was a teacher, that she had reported the abuse to school officials, and that the school district failed or refused to stop the abuse.  *See id.* at 762–63.  Then, the claims were tolled until Doe turned eighteen, on February 7, 2020.  At the latest, her claims would have accrued in May 2020, when she graduated, because that is when the abuse ended.  *See infra*.  Doe had two years to file a claim, so by May 2022, Doe's Title IX claims were barred.  Doe did not file her lawsuit until April 4, 2023, after the limitations period had run.

## D

Even if Doe's purported claim based on Bushong's letter would be timely, she cannot convert it from a First Amendment retaliation claim to a Title IX retaliation claim.  On July 27, 2022, Doe received a letter from Bushong threatening her with litigation if she continued speaking publicly about him.  In the operative complaint, Doe raised a First Amendment retaliation claim, alleging that Bushong's letter violated her "right to be from retaliation under the 1st Amendment to the U.S. Constitution."  The district court found the First Amendment retaliation claim to be timely but not properly pleaded and thus dismissed it.  However, Doe expressly waived her

No. 24-10592

First Amendment retaliation claim on appeal. Doe instead asserts that the letter from Bushong should be considered as a Title IX retaliation claim and that facts that support the claim are present in the complaint. We are not persuaded by this assertion.

Doe never pleaded Bushong's letter as a Title IX retaliation claim in the district court and does not assert the claim in the operative complaint. *See Young v. City of Houston*, 599 F. App'x 553, 555 (5th Cir. 2015) ("Our inquiry into whether Young has adequately stated a claim for relief is limited to the four corners of the complaint . . . ."). Furthermore, Doe failed to plausibly plead all elements of a Title IX retaliation claim and was unable to articulate specific facts to support the claim when questioned by this court at oral argument. Accordingly, Doe cannot raise a Title IX claim based on the letter.[5]

E

Finally, Doe's arguments that her claims are saved by equitable tolling and the continuing violation doctrine are unavailing.

Doe fails to offer any tolling theory that could save her claims. We have established that state tolling principles apply to Title IX claims. *King-White*, 803 F.3d at 764. The district court determined that both Texas law tolling arguments—the discovery rule and fraudulent concealment—failed because the facts alleged did not meet the standards for those doctrines. Doe does not challenge those holdings on appeal. Thus, she has forfeited any

---

[5] We may "affirm the district court's judgment on any grounds supported by the record." *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 n.8 (5th Cir. 2008) (quoting *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007)).

argument as to them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021).

Instead, Doe makes novel arguments based on federal equitable tolling principles, without legal support for why those principles should apply. The district court did not err when it declined to apply equitable tolling based on those arguments.

Nor are we persuaded by Doe's argument that the continuing violation doctrine resurrects her claims. Under the continuing violation doctrine, if "an act contributing to the [harassment or hostile environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 584 (5th Cir. 2020) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). In contrast, "traditional discrimination claims" based on "discrete acts are not subject to the continuing violation doctrine." *Heath*, 850 F.3d at 737.[6] "Each discrete discriminatory act starts a new clock for filing [suit] alleging that act." *See Morgan*, 536 U.S. at 113. A discrete act occurred on the day that it happened. *Id.* at 110.

Doe's Title IX claims against the school district occurred and ended before she graduated in May 2020. Therefore, her claims lie outside of the two-year prescription period from when the lawsuit was filed and are not saved by the continuing violation doctrine. Bushong's letter, sent over two years after Doe graduated from high school, was a discrete act and thus is not subject to the continuing violation doctrine. *See id.* at 112 ("[D]iscrete acts

---

[6] The continuing violation doctrine is primarily associated with Title VII harassment claims. *See Morgan*, 536 U.S. at 115–17. Title IX relies on Title VII hostile environment caselaw. *See Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 180 (5th Cir. 2011).

that fall within the statutory time period do not make timely acts that fall outside the time period."). Even if the letter was not a discrete act, Doe's graduation was an intervening act which severed the continuing nature of the violation. *See Heath*, 850 F.3d at 738; *Wells v. Tex. Tech Univ.*, No. 24-10518, 2025 WL 673439, at *5 (5th Cir. Mar. 3, 2025) (concluding that the plaintiff's graduation from the defendant university was a "sufficient intervening action[]"), *petition for cert. filed*, No. 24-1239 (U.S. June 2, 2025). The district court correctly refused to apply the continuing violation doctrine to Doe's claims.

### III

We turn next to the district court's denial of Doe's request for leave to amend. Generally, a district court's denial of leave to amend under Rule 15(a) is reviewed for abuse of discretion. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

Rule 15(a) provides that the district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A formal motion" is not always required if the party requesting amendment has "set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Rule 15(a) "evinces a bias in favor of granting leave to amend," unless there is a substantial reason to deny leave to amend. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (Former 5th Cir. Nov. 1981). Substantial reasons include "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Willard*, 336 F.3d at 387 (affirming denial of leave to amend when the plaintiff had already filed two amended complaints). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873.

Here, Doe asked the district court that she "be permitted to file an[] amended complaint," but she did not explain with particularity the grounds for the amendment. *See Willard*, 336 F.3d at 387. On appeal, she asserts that she could provide additional facts about how Bushong's 2022 letter injured her and how it was connected to her advocacy, to support her retaliation claim; and facts about how Morris, Bushong, and Frazier "misled her and prevented her from seeking a remedy in court in a timely manner." However, these additional facts would not remedy the limitations problem. Therefore, the district court did not abuse its discretion in denying leave to amend.

\* \* \*

Despite the tragic facts alleged in this case, we are bound by caselaw and the parties' arguments as they have been presented to us. Doe's Title IX claims are barred by the statute of limitations. She did not plead a Title IX retaliation claim in her operative complaint, and she expressly waived her timely First Amendment retaliation claim on appeal.

Accordingly, we AFFIRM the judgment of the district court.

12